IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TABOR RYAN PARDEE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14CV502 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge (the "Report") (Dkt. 23), which contains her findings, conclusions, and recommendation for the disposition of Pardee's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), has been presented for consideration. The Report recommends that the Petition be denied and the case dismissed with prejudice. Pardee has filed written objections (Dkt. 25). Having made a *de novo* review of the objections, the court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct.

Pardee first objects to the Magistrate Judge's conclusion that sufficient evidence supports his conviction for burglary of a habitation under Texas Penal Code Section 30.02(a). *See* Dkt. 25 at 1. He contends the State produced no evidence of an essential element of the crime: entry of a habitation. This argument lacks merit.

It is well settled in Texas that a defendant's unexplained possession of recently stolen property permits an inference by the fact-finder that the defendant is the person who stole the property. *See, e.g., Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (burglary); *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex. Crim. App. 1984) (larceny); *Hardesty v. State*, 656 S.W.2d 73, 76–77 (Tex. Crim. App. 1983) (larceny); *Willis v. State*, 55 S.W. 829, 829 (Tex. Crim.

1

App. 1900) (burglary). When a defendant offers an innocent explanation for his possession of recently-stolen property, it is up to the fact-finder to determine whether the explanation is true or reasonable. *See Middleton v. State*, 187 S.W.3d 134, 139 (Tex. App.–Texarkana 2006).

In this case, there was no dispute that Pardee was found in possession of property stolen in a burglary mere hours after the crime occurred. *See* Dkt. 6-7 at 108-09, 112. At trial, Pardee attempted to provide an innocent explanation for his possession of the property. He asserted that he had received some of the items from the true culprit, Bobby Clinton, as repayment of a debt. *See id.* at 107-08, 112. Pardee maintained that he had purchased the remaining items with the intent to return them to the victim and, thereby avoid suspicion in the burglary. *See id.* at 113. However, Pardee's explanation was uncorroborated and improbable. Under the circumstances, the jury was entitled to disbelieve Pardee's explanation and find him guilty of the burglary charge. Pardee's remaining objections challenge the Magistrate Judge's conclusion that he failed to demonstrate ineffective assistance of counsel based on (1) his attorney's alleged "failure to convey a proper plea agreement" and (2) counsel's decision not to subpoena Clinton. Dkt. 25 at 1. As the Magistrate Judge noted, Pardee's ineffective assistance claims are governed by the familiar two-prong standard in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a defendant to show both deficient performance by counsel and prejudice to the defense. Pardee fails to carry this burden.

With respect to counsel's performance during the plea bargaining process, Pardee complains that counsel only managed to negotiate a plea arrangement under which Pardee was required to plead guilty to charges of burglary of a habitation and forgery in exchange for the State's recommendation of thirty (30) year and twenty (20) year sentences, respectively. *See* Dkt. 25 at 1. Pardee contends that since the State ultimately dismissed the forgery charge, counsel

should have obtained a plea offer that did not require entry of a guilty plea or punishment on the forgery charge. *See id.* Pardee also asserts that, had counsel obtained such an offer, he would have accepted it rather than proceed to trial. *See id.* But Pardee provides no indication that the State would have been amenable to a plea deal involving a guilty plea and sentence on the burglary charge alone, or that the trial court would have accepted such an offer. This purely speculative claim warrants no habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (holding that mere conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a § 2254 proceeding).

Moreover, Pardee did not challenge his counsel's failure to negotiate a more favorable plea offer in his Petition. Rather, he argued that counsel withheld ten (10) year and fifteen (15) year plea offers by the State until after the applicable deadlines for acceptance had passed. *See* Dkt. 1 at 9. The Magistrate Judge considered, and rightly rejected, this argument as unsupported by the record. *See Estelle*, 694 F.2d at 1011-12. Pardee's new argument is not subject to the court's federal habeas review. *See* Rule 2(c) of the Rules Governing Section 2254 Proceedings for the United States District Courts.

In Pardee's final objection, he asserts that his counsel's decision not to subpoena Clinton constituted prejudicially deficient performance. *See* Dkt. 25 at 1. In order to demonstrate the required *Strickland* prejudice in the context of counsel's failure to call a witness, a defendant must show not only that the allegedly missing witness's testimony would have been favorable, but also that the witness would have testified at trial. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (citing *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981)). Pardee offers nothing more than speculation that Clinton would have testified favorably to the defense. Pardee conjectures that Clinton would have admitted to committing the burglary himself, without Pardee's involvement,

thus corroborating Pardee's explanation for possession of goods recently-stolen from the victim's residence. But Pardee's conclusory allegations about the substance of Clinton's testimony are not enough to resolve the issue. Furthermore, the court agrees with the Magistrate Judge's assessment that Clinton was unlikely to have testified in the manner suggested by Pardee because such testimony would have exposed Clinton to criminal liability.

Pardee also asserts, for the first time and without explanation, that Clinton's availability at trial would have rendered purportedly favorable hearsay statements admissible at trial. This argument is not only speculative, but contrary to the rules of evidence. *See* TEX. R. EV. 802, 803, 804. Thus, Pardee fails to show counsel's failure to subpoena Clinton was prejudicial.

In light of the foregoing, it is **ORDERED** that Pardee's objections (Dkt. 25) are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 23) is **ADOPTED**.

It is further **ORDERED** that the above-styled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and that the case is hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this the 31st day of March, 2017.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE